JiSCHOTT, Chief Judge.
This is before the court on a writ of certio-rari directed to a judgment of the trial court sustaining defendant’s motion to suppress a photographic identification. At issue is whether the photographic identification was so suggestive as to make it unreliable.
Defendant is charged with armed robbery of a Subway shop. The robbery was witnessed by two workers, Erick Bell and Mon-tiniki Williams. Following the robbery, the police learned that defendant was clothed in a fatigue jacket and baseball cap. Another customer saw him drive away and he was able to write down the license plate number and give it to the police. They traced the license to the defendant. He was wanted on an outstanding warrant and was arrested.
At the hearing on the motion to suppress, the following was established: Several days after the robbery, the police went to the home of Williams and presented her with a photo line-up. She selected the photo of another man as the robber. The police told her that she did not choose the suspect and one officer told her the identity of the suspect. The police proceeded to Bell’s home. However, before they arrived, Williams called Bell and related that she had chosen the wrong man and that the correct one was photo number 5.
12BeIl denied that Williams told him the identity of the defendant. He insisted that he was shown the photo line-up and was immediately able to recognize defendant as the armed robber. He claims that he was one hundred percent certain of his identification. He said that he had ample opportunity to view defendant the day of the robbery because defendant had stood in a line of approximately six people. He stood with his arms folded and appeared to be perusing a menu. He was also able to view defendant during the course of the robbery while escorting store patrons out of the store. Bell had earlier said the same to a defense investigator.
At the close of the hearing, the trial court suppressed the evidence finding that Williams had in fact told Bell the identity of defendant rendering the identification suggestive. The issue under review herein is whether the identification is so suggestive that it gave rise to a substantial likelihood that the identification was unreliable. To determine whether an identification is unreliable, the court must consider: (1) the opportunity of the witness to view the assailant at the time of the crime; (2) the witness’ degree of attention; (3) the accuracy of the witness’ prior description of the assailant; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and the confrontation. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).
According to Bell’s testimony, he had ample opportunity to view defendant before and during the robbery. His degree of attention was very focused as he was able to recall defendant’s behavior while standing in line before the robbery. There is no evidence pertinent to factor number three. Fourth, Bell was very insistent regarding his identifi *895 cation of defendant. Finally, there was very little time lapse between commission of the robbery and the identification. A review of these factors militates in favor of a reliable identification even though suggestive.
3As in State v. Sterling, 96-1390 (La.App. 4th Cir. 11/13/96), 684 So.2d 74, where the identification is suggestive but reliable, the identification should not be suppressed. The defendant is free to introduce evidence concerning the circumstances of the identification which the jury may consider in determining what weight to give the identification.
Accordingly, the judgment of the trial court is reversed, the motion to suppress the identification is denied, and the case is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.